■ MARILYN CONTRI, an Infant, by Her Guardian ad Litem, FRANCIS CONTRI, et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 34309.) — Cross appeals from a judgment entered in the Court of Claims after trial. Claimant was, on August 18, 1956, a child three and one-half years old. She accompanied her aunt into the ladies' room at Jones Beach and while her aunt was using one of a series of stalls, the claimant was left by her aunt outside the stall door. A matron said to claimant "Little girl, move over", and it has been found by the Court of Claims that the matron wanted the claimant to get away from the doors of the stalls and to move to the other side of the room. The claimant, however, stayed near the stalls and when the stall next to the one her aunt was using was put in use by another patron, claimant's hand was caught in the door and she suffered injury. The Court of Claims has found the State liable in negligence, but we think negligence has not been demonstrated. Claimant argues on appeal that there is proof that the matron actually moved claimant, i.e., the "evidence adequately supports the inference that the matron actually moved the infant claimant into the path of danger". But the Court of Claims did not find this; and the record does not fairly support the inference. It supports the finding that the matron told claimant to move away from the doors but that she did not follow this up by any further direction or action. This direction was not negligent in itself. It was obviously intended to avoid any danger to the child from the opening and closing of the doors. The direction did not place the child in any danger greater than she was in; nor was it the kind of direction that, at the risk of liability of the State for all that might thereafter happen, the matron was required to follow up and see to it that the child was taken entirely away from the doors. This sort of interference in the case of a young child accompanied by an adult might have special and troublesome dangers in itself. The injury was caused essentially by the child's remaining in the place her aunt put her. We think that no such control over the child was assumed by the State in these circumstances as to impose a liability. Judgment reversed on the law and the facts and claim dismissed, without costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.